IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                              )      CRIMINAL ACTION NO.
    v.                     )        2:15cr22-MHT
                              )          (WO)
BRODRICK BROWN           )

OPINION AND ORDER

While the petition for revocation of defendant Brodrick Brown's term of supervised release was pending for two alleged violations--possessing a firearm and committing the state crime of third-degree domestic violence, *see* Amended Revocation Petition (doc. no. 220)--the court was presented with the question whether Brown had the mental capacity to proceed with the revocation hearing. Based on the recent forensic evaluation conducted by the Bureau of Prisons (BOP), the court at a hearing on January 21, 2020, found Brown mentally competent to proceed, that is, that he does not currently suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and

consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). This opinion explains the court's finding.

The issue of Brown's competency first came to the court's attention on September 13, 2019, when defense counsel filed a motion, unopposed by the government, for mental-competency examination. Having arranged for Brown to be evaluated at the local county jail, defense counsel informed the court of forensic neuropsychologist Dr. Robert Shaffer's opinion that Brown suffers from a neurocognitive disorder secondary to brain injury. *See* Motion for Competency Evaluation (doc. no. 229) at Exh. 1. Shaffer further opined that Brown suffers from "racing thoughts and lack of control over communication" and that he would be "unable to assist his defense at trial and unable to communicate with counsel unless his mania is brought under control with medication." *Id.* The court granted defense counsel's motion and ordered a competency evaluation by the BOP.

Brown was then transferred to the BOP Federal Medical Center, Lexington, Kentucky where he was evaluated by Geoffrey Grimm, Ph.D. Grimm's report to the court states that Brown does not currently appear to be suffering from any mental illness. *See* Forensic Evaluation (doc. no. 252) at 10. Grimm opines that Brown is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense and, therefore, is competent to proceed. *See id.* He further opines that Brown was not suffering from any disease or defect rendering him unable to appreciate the nature and quality of his actions at the time of the alleged violations, though Grimm notes this opinion is limited by Brown's lack of cooperation in evaluation procedures. *See id.* at 15. At the January 21 competency hearing, neither the government nor the defense disputed the report's finding that Brown is competent.

Based upon the psychological evaluation by the BOP, and pursuant to 18 U.S.C. § 4241(a), the court found at the January 21 hearing that Brown is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Brodrick Brown is declared mentally competent to proceed in this case.

DONE, this the 23rd day of January, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE